UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| CHRISTOPHER L. CLARK | ) | |
| | ) | |
| v. | ) | NO. 3:09-CV-161 |
| | ) | (Cr: 3:00-CR-100) |
| UNITED STATES OF AMERICA | ) | *Judge Jordan* |

## **MEMORANDUM OPINION**

Proceeding *pro se*, federal inmate Christopher L. Clark brings this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, [Doc. 91].[1] The United States has responded in opposition to the motion, [Doc. 112], arguing that the Court lacks authority to grant the relief requested. That argument is well-taken and, for the reasons which follow, the motion will be **DENIED** and the case **DISMISSED**.

### I. Procedural History

On November 16, 2000, petitioner pled guilty, pursuant to his plea agreement, to one count of carjacking, in violation of 18 U.S.C. § 2119(1), receiving, some six weeks later, a 65-month prison sentence for that offense, [Docs. 54-55, 61, 64]. Petitioner did not file a direct appeal, but instead, on February 16, 2005, filed what the Court deemed to be a § 2255 motion to vacate his sentence, [Doc. 76].

---

[1] All citations to the record refer to Petitioner's criminal file.

In that pleading, petitioner claimed that he had been incarcerated in the Knox County Jail for the duration of his federal sentence; that, though he had never had a state conviction, he had not received jail credit on his federal sentence, and that, with these credits counted into the calculation, he had served his entire federal sentence. According to information thereafter received by the Court, petitioner was convicted of voluntary manslaughter in the Criminal Court of Knox County, Tennessee, and was sentenced to serve a ten-year prison sentence, which was set to run concurrently with his federal sentence. Moreover, petitioner received pretrial jail credit on his state sentence from April 15, 2000, to April 21, 2005, the date of the state court conviction.

The Court noted that, under 18 U.S.C. §3585(b), the Bureau of Prisons ("BOP") has authority to grant credit for pretrial detention to a prisoner in federal custody, but that a determination as to credit could not be made at that time, since petitioner had been returned to state custody following his federal conviction and since petitioner had remained in state custody. The Court dismissed the motion to vacate without prejudice, after further noting that a prisoner in federal custody (which petitioner was not), whose sentence was not being properly credited and who had exhausted BOP's administrative remedies on the issue, could seek relief by filing a petition under 28 U.S.C. § 2241.

## II. The Instant § 2255 Motion

The face of the present motion reflects that petitioner is challenging his 2005 Knox County conviction for voluntary manslaughter, seeking to have a "clerical error" corrected.

The clerical error, according to petitioner, is that, in the stipulations in his plea agreement and judgment in his state case, his 1832 days of pretrial jail credit was erroneously applied to his state sentence, which was intended to run concurrent to his federal case. The problem he is experiencing due to the clerical error is that the BOP will not apply the 1832 days of credit for his pretrial detention to his federal case, as was intended, because those credits have already been applied to his state case. This violates due process, he contends. Petitioner would have this Court correct the clerical error in his state court judgment.

### III. Discussion

To seek relief under § 2255, a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U. S. C. § 2255(a). Because this is not the court which imposed petitioner's ten-year sentence for involuntary manslaughter and which issued the judgment containing the alleged clerical error, this Court lacks jurisdiction under § 2255 to entertain this matter. As respondent points out, petitioner must seek any error correction in the court where the error purportedly was made, i.e., the Knox County Criminal Court.

Secondly, what the Court discussed in the order dismissing without prejudice petitioner's prior § 2255 motion holds true today. A district court may grant relief under 28 U.S.C. § 2241 where a sentence is not properly credited, *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993), so long as a prisoner who seeks such relief has exhausted his BOP administrative remedies. *See United States v. Westmoreland*, 974 F.2d 736, 737-38 (6th

Cir. 1992). Furthermore, a claim attacking the execution of a federal sentence must be brought under 28 U.S.C. § 2241 in the district court having jurisdiction over a petitioner's custodian. *Coleman v. United States*, 124 F.3d 197, (Text at 1997 WL 584264, at *1 (6th Cir. Sept. 19, 1997)); *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979); *Wright v. United States Board of Parole*, 557 F.2d 744, 77 (6th Cir. 1977). This rule is important because petitioner is not detained within this district and because this Court would lack jurisdiction over his custodian.

### V. Conclusion

Because the Court lacks jurisdiction to grant relief on the grounds presented in this motion to vacate, the motion will be **DISMISSED**. Given the basis for dismissal, it is unclear whether a certificate of appealability (COA) is even appropriate. But if it is, the Court **DENIES** issuance of a COA because there has been no substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

A separate order will follow.

**ENTER**:

_____
LEON JORDAN
UNITED STATES DISTRICT JUDGE